**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO.: 1:16-CV-00691-WSD |
| GEORGIA SCHOOL BOARDS ASSOCIATION- RISK MANAGEMENT FUND, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GEORGIA SCHOOL BOARDS ASSOCIATION-RISK
MANAGEMENT FUND'S RESPONSE TO NATIONAL CASUALTY
COMPANY'S STATEMENT OF UNCONTESTED FACTS IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1 B.a.(2), Defendant Georgia School Boards Association-Risk Management Fund ("GSBA-RMF") submits its Response to National Casualty Company's ("NCC") Statement of Uncontested Facts In Support of Its Motion for Summary Judgment. GSBA-RMF responds to each of the numbered paragraphs as follows:

1.    Admitted.

2.    Admitted.

3.     GSBA-RMF admits that to the extent that NCC quotes the "Other Insurance" clauses from the National Casualty Policies, said sections are accurately quoted. GSBA-RMF deny that quoting a portion of the Policy accurately reflects it meaning or intent as the policies must be read as a whole when applying the rules of contract construction under Georgia law.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     GSBA-RMF admits that to the extent that NCC quotes a portion of the GSBA-RMF Coverage Documents, said portion is accurately quoted. GSBA-RMF denies that NCC has quoted the entirety of the "Insurance" clauses found in the GSBA-RMF Coverage Documents.

a. The Columbia County Coverage Document contains two "Insurance" clauses.

    i. The Columbia County Coverage Document contains the following clause in the General Conditions:

**4. Insurance**
If valid and collectible insurance is available to the Member for a loss covered by GSBA-RMF under any coverage parts within this Coverage Document, the obligations of GSBA-RMF are excess over the available and collectible insurance.

(DOC 5-1 at Section III, 4.) (Appendix Tab 4-B)

ii. The Columbia County Coverage Document contains the following clause in the Common Conditions Specific to Section V—School Leaders Liability:

**5. Insurance**
a. If, but for the coverage afforded by this Coverage Agreement, the Member would have insurance against a loss otherwise covered hereby, the coverage afforded by this Coverage Agreement shall be excess over such insurance.

(*Id*. at Common Conditions Specific to Section V—School Leaders Liability, 5.) (Appendix Tab 4-C)

b. The Douglas County Coverage Document, the Muscogee County Coverage Document and the McIntosh County Coverage Document contain the following clause in the General Conditions.

3

**4. Insurance.**

    a. If valid and collectible insurance is available to the Member for a loss covered by GSBA-RMF under any coverage within this Coverage Document, the obligations of GSBA-RMF are excess over the available and collectible insurance.

    b. When this coverage is excess, GSBA-RMF will have no duty to defend any Member against any "suit" if any insurer has a duty to defend the Member against that "suit". If no insurer defends, GSBA-RMF will undertake to do so, but GSBA-RMF will be entitled to the Member's rights against all such insurers.

    c. When this coverage is excess over valid and collectible insurance available to the Member, GSBA-RMF will pay only its share of the amount of the loss, if any, that exceeds the sum of:

        (1) The total amount that all such insurance would pay for the loss in the absence of this coverage; and

        (2) The total of all deductible and self-insured amounts under all such insurance.

(DOC 5-2. DOC 5-3, DOC 5-4 at Section III General Conditions, 4) (Appendix Tabs 5-B, 6-B and 7-B of the Appendix)

    9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

Respectfully submitted this 10th day of October 2016.

THE JOHNSON INSURANCE LAW GROUP, LLC

s/ Thomas Wingfield
C. Michael Johnson
Georgia Bar No. 392550
Laurie E. Dugoniths
Georgia Bar No. 232927
Thomas Wingfield
Georgia Bar No. 770653

1629 Monroe Drive
Atlanta, GA 30324
Telephone:  (404) 442-8834
Facsimile:  (404) 442-8835

*Counsel for Defendant Georgia School Boards Association - Risk Management Fund*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO.: 1:16-CV-00691-WSD |
| GEORGIA SCHOOL BOARDS ASSOCIATION- RISK MANAGEMENT FUND, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATION OF FONT

I certify that the foregoing document was prepared using Times New Roman, 14-point, as approved Local Rule 5.1(C).

This 10th day of October, 2016.

s/ Thomas Wingfield

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO.: 1:16-CV-00691-WSD |
| GEORGIA SCHOOL BOARDS ASSOCIATION-RISK MANAGEMENT FUND, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter via the United States Mail and CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

Michael J. Rust
David C. Sawyer
Gray, Rust, St. Amand, Moffett & Brieske, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326

*Attorneys for Plaintiff National Casualty Company*

Jay Sever
Katie Myers
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130

*Attorneys for Plaintiff National Casualty Company*

This 10th day of October, 2016.

                          s/ Thomas Wingfield