IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| vs. | ) ) ) | FILE NO.: 1:16-CV-00691-WSD |
| GEORGIA SCHOOL BOARDS ASSOCIATION- RISK MANAGEMENT FUND, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT GEORGIA SCHOOL BOARDS ASSOCIATION-RISK MANAGEMENT FUND'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO NATIONAL CASUALTY'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1 B.(2)(b), Defendant Georgia School Boards Association-Risk Management Fund ("GSBA-RMF") submits its Statement of Additional Material Facts in Opposition to National Casualty Company's Motion for Summary Judgment, showing the Court as follows:

**The National Casualty Company Insurance Policies Purchased by PAGE Members**

1. National Casualty Company ("NCC") is a commercial, for profit insurer authorized to conduct business in Georgia. (Notice of Stipulated Facts ("NOSF") [DOC 21], ¶ 1) (A copy of the NOSF is attached as Tab1 to the

    Appendix to GSBA-RMF's Motion for Summary Judgment, which has previously been provided to the Court.)

2.    The Professional Association of Georgia Educators ("PAGE") is a professional association that teachers and administrators may voluntarily join by paying yearly dues to maintain his/her membership. (*Id*. at ¶ 2)

3.    Section 1—Insuring Agreements, Coverage A—Liability Coverage, A. of Policy No. EPO0000033 issued by NCC to "Policyholder" "Professional Association of Georgia Educators" for the period July 1, 2012 through July 1, 2013 (the "2012 NCC Policy") and Policy No. EPO0000035 ("2013 NCC Policy") issued by NCC to "Policyholder" "Professional Association of Georgia Educators" for the period July 1, 2013 through July 1, 2014 (the 2013 NCC Policy") (collectively, the "NCC Policies") states:

> A. The Company will pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of liability imposed by law or for monetary damages resulting from any **CLAIM** made against the insured arising out of an **OCCURRENCE** in the course of the activities of the insured in his/her professional capacity and caused by any acts or omissions of the insured or any other person for whose acts the insured is legally liable. The Company shall defend any suit seeking monetary damages which are payable under the terms of the policy, even if such suit be groundless, false or fraudulent; but the Company may make such investigation, negotiation and settlement of any CLAIM or suit as it may deem expedient.

(DOC 4-2; DOC-4-4) (Appendix Tab 2-A and Tab 3-A)

4. Other than in the "Other Insurance" clause, the NCC Policies do not identify or characterize themselves as an "excess" or "umbrella" policies. (DOC 4-2; 4-4)

5. The NCC Policies do not identify any underlying limits or any scheduled policies of insurance over which they provides excess coverage. (*Id.*)

6. The NCC Policies do not require PAGE or any "Insured" to maintain underlying insurance, pay a deductible or pay a self-insured retention before coverage is triggered. (*Id.*)

7. NCC charged a premium of $301,494 for the 2012 NCC Policy. (*Id.* at Endorsement No. 6) (Appendix Tab 2-D)

8. NCC charged a premium of $301,380 for the 2013 NCC Policy. (*Id.* at Endorsement No. 6) (Appendix Tab 3-D)

**The Coverage Documents Issued by GSBA-RMF**

9. The Georgia School Boards Association-Risk Management Fund is an interlocal risk management agency created pursuant to O.C.G.A. § 20-2-2001, *et seq*. (NOSF [DOC 21] at ¶ 6) (Appendix Tab 1)

10. The GSBA-RMF is a risk sharing arrangement amongst public school districts in Georgia through which members share and manage their liability risks with the other members. (*Id.* at ¶ 7)

11. The GSBA-RMF issues a Coverage Document to each of its members which sets forth the terms and conditions of what liability risks will be shared and how they will be managed. (*Id.* at ¶ 8)

12. Each member of GSBA-RMF is jointly and severally liable for all legal obligations of the fund under Coverage Documents. (*Id.* at ¶ 9)

13. The Columbia County Coverage Document contains the following clause in the General Conditions:

> **4. Insurance**
> If valid and collectible insurance is available to the Member for a loss covered by GSBA-RMF under any coverage parts within this Coverage Document, the obligations of GSBA-RMF are excess over the available and collectible insurance.

(DOC 5-1 at Section III, 4.) (Appendix Tab 4-B)

14. The Columbia County Coverage Document contains the following clause in the Common Conditions Specific to Section V—School Leaders Liability:

> **5. Insurance**
> a. If, but for the coverage afforded by this Coverage Agreement, the Member would have insurance against a loss otherwise covered hereby, the coverage afforded by this Coverage Agreement shall be excess over such insurance.

(*Id.* at Common Conditions Specific to Section V—School Leaders Liability, 5.) (Appendix Tab 4-C)

15. The Douglas County Coverage Document, the Muscogee County Coverage Document and the McIntosh County Coverage Document contain the following clause in the General Conditions:

    4. Insurance.

        a. If valid and collectible insurance is available to the Member for a loss covered by GSBA-RMF under any coverage within this Coverage Document, the obligations of GSBA-RMF are excess over the available and collectible insurance.

        b. When this coverage is excess, GSBA-RMF will have no duty to defend any Member against any "suit" if any insurer has a duty to defend the Member against that "suit". If no insurer defends, GSBA-RMF will undertake to do so, but GSBA-RMF will be entitled to the Member's rights against all such insurers.

        c. When this coverage is excess over valid and collectible insurance available to the Member, GSBA-RMF will pay only its share of the amount of the loss, if any, that exceeds the sum of:

            (1) The total amount that all such insurance would pay for the loss in the absence of this coverage; and

            (2) The total of all deductible and self-insured amounts under all such insurance.

    (DOC 5-2. DOC 5-3, DOC 5-4 at Section III General Conditions, 4)

    (Appendix Tabs 5-B, 6-B and 7-B of the Appendix)

16. NCC refused to provide a defense under the 2012 NCC Policy or the 2013 NCC Policy to Sarah Walls, Adrienne Harless, Ashley Mathieson, Christina Grant, Tim Smith, Lori Quigley, Ernestine Kirby, Larry Day, Terrance Haywood and Diane Richardson (NOSF at ¶ 25)

17. GSBA-RMF paid amounts to settle the claims asserted against Adrienne Harless, Ashley Mathieson, Christina Grant, Tim Smith, Lori Quigley, Ernestine Kirby, Larry Day, Terrance Haywood and Diane Richardson under the individually applicable GSBA-RMF Coverage Document. (*Id*. at 24)

18. NCC refused to pay any indemnity to Sarah Walls, Adrienne Harless, Ashley Mathieson, Christina Grant, Tim Smith, Lori Quigley, Ernestine Kirby, Larry Day, Terrance Haywood and Diane Richardson until full exhaustion of GSBA-RMF's applicable coverage limit. (*Id*. at ¶ 26)

19. After exhaustion of GSBA-RMF's applicable coverage limit, NCC paid only that portion of the settlement of the claims asserted against Ashley Mathieson in excess of GSBA-RMF's applicable coverage limit. NCC and GSBA agreed that GSBA did not waive their tight to proceed to recover the additional amount GSBA contends is owed by NCC. (*Id*. at ¶ 27)

20. NCC did not pay any amount to settle the claims asserted against Adrienne Harless, Christina Grant, Tim Smith, Lori Quigley, Ernestine Kirby, Larry

6

Day, Terrance Haywood and Diane Richardson under the applicable National Union Policy. (*Id*. at ¶ 28)

Respectfully submitted this 10th day of October 2016.

          THE JOHNSON INSURANCE LAW GROUP, LLC

          s/ Thomas Wingfield
          C. Michael Johnson
          Georgia Bar No. 392550
          Laurie E. Dugoniths
          Georgia Bar No. 232927
          Thomas Wingfield
          Georgia Bar No. 770653

1629 Monroe Drive
Atlanta, GA 30324
Telephone: (404) 442-8834
Facsimile: (404) 442-8835

          *Counsel for Defendant Georgia School Boards Association - Risk Management Fund*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION |
| vs. | ) ) | |
| | ) | FILE NO.: 1:16-CV-00691-WSD |
| GEORGIA SCHOOL BOARDS ASSOCIATION- RISK MANAGEMENT FUND, | ) ) ) ) | |
| Defendant. | ) | |

## CERTIFICATION OF FONT

I certify that the foregoing document was prepared using Times New Roman, 14-point, as approved Local Rule 5.1(C).

This 10th day of October, 2016.

          s/ Thomas Wingfield

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATIONAL CASUALTY COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO.: 1:16-CV-00691-WSD |
| GEORGIA SCHOOL BOARDS ASSOCIATION-RISK MANAGEMENT FUND, ) ) ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing upon all parties to this matter via the United States Mail and CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

Michael J. Rust
David C. Sawyer
Gray, Rust, St. Amand, Moffett & Brieske, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326

*Attorneys for Plaintiff National Casualty Company*

Jay Sever
Katie Myers
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130

*Attorneys for Plaintiff National Casualty Company*

This 10th day of October, 2016.

s/ Thomas Wingfield